UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN CHURCH,

    Petitioner,

v.

ST OF WASHINGTON,

    Respondent.

CASE NO. 3:20-CV-5289-RBL-DWC

ORDER

Petitioner filed a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254. Dkt. 3. Having reviewed the Petition, the Court declines to order Respondent to file an answer as the Petition does not comply with the Rules Governing Section 2254 Cases. The Court, however, provides Petitioner leave to file an amended petition by May 30, 2020 to cure the deficiencies identified herein.

Under Rule 2(b) of the Rules Governing Section 2254 Cases, "the petition must ask for relief from the state-court judgment being contested." The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d).

ORDER - 1

Here, the Petition is missing basic facts regarding Petitioner's conviction and sentence. Dkt. 3. Petitioner repeatedly states, "see case file," but has not attached a case file or other documents to the Petition. Dkt. 3. Specifically, Petitioner has failed to:

1) Name the state officer who has custody over Petitioner;[1]

2) Specify Petitioner's conviction and sentence such as the crimes he was convicted of and the date of his sentence; and

3) Substantially follow the Court's 2254 form.

Based on his filing, the Court is unable to determine whether Petitioner has any cognizable claims. In addition, the Court cannot determine whether the Petition has been timely filed in this Court. 28 U.S.C. § 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"

If Petitioner intends to pursue this habeas action, he must file an amended petition complying with Rule 2 of the Rules Governing Section 2254 Cases on the form provided by the Court. The amended petition must provide all the information required therein. The amended petition must also be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the original petition, and not as a supplement. If Petitioner fails to adequately address the issues raised herein and file an amended petition on or before May 30, 2020 the undersigned will recommend dismissal

---

[1] The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to his Petition, Petitioner is currently confined at Coyote Ridge Corrections Center ("CRCC") in Connell, Washington. *See* Dkt. 3. The Superintendent of CRCC is Jeffrey A. Uttecht.

ORDER - 2

of this action. Based on the foregoing, the Court also denies Petitioner's Motion to Compel for Information (Dkt. 4) and Motion to Exhaust State Remedies (Dkt. 5) as moot without prejudice.

The Clerk is directed to provide Petitioner with the forms for filing a Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to provide copies of this Order to Petitioner.

Dated this 1st day of May, 2020.

David W. Christel
United States Magistrate Judge